UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FPI MANAGEMENT, INC., | No. 2:21-cv-00340-MCE-DB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| DB INSURANCE CO., LTD., | |
| Defendant. | |

By way of this action, Plaintiff FPI Management, Inc., ("Plaintiff") challenges a variety of coverage decisions Defendant DB Insurance Co., Ltd. ("Defendant") has made with respect to claims Plaintiff has tendered. Presently before the Court is Defendant's Motion to Dismiss two of Plaintiff's causes of action. ECF No. 17.[1] For the reasons that follow, that motion is GRANTED with leave to amend in part and DENIED in part.

///

///

///

///

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

### A.     The Policies

Plaintiff is the property manager for the Lakeview Towers Apartment Homes (the "Lakeview Property"), which is owned by the Lee/Wei Family Trust, whose trustees are Shiuh-Kai Lee and Shu Yin J. Wei (collectively "Lakeview Owner").  Defendant issued insurance policies ("Lakeview Policies") to Lakeview Owner as the named insured and Plaintiff as an insured.

The Business Liability Coverage section of the Lakeview Policies provides that Defendant will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies."  It further provides that Defendant has "the right and duty to defend the insured against any 'suit' seeking those damages."  The Lakeview Policies exclude coverage, however, for, among other things, "'[b]odily injury', 'property damage' or 'personal and advertising injury' which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."  The Lakeview Policies also exclude coverage for "[a]ny loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, 'fungi' or bacteria, by any inured or by any other person or entity."  "Fungi" is defined as "any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by fungi."

///

---

[2] The following recitation of fact is taken, almost entirely verbatim, from Plaintiff's operative Second Amended Complaint ("SAC").

### B. <u>Campana</u> Litigation

On June 24, 2019, twenty-three tenants at the Lakeview Property filed a complaint against the Lakeview Owner, Plaintiff, and Plaintiff's employee, Claudine Hileman, the onsite manager at the Lakeview Property ("Hileman"), for damages, equitable and injunctive relief. According to the <u>Campana</u> complaint, the Lakeview Property suffers from water intrusion issues which have caused substantial damage to those plaintiffs' units and common areas of the Lakeview Property, rendering portions of the Property uninhabitable. In addition, the complaint alleges that the Lakeview Property suffers from a variety of other habitability issues, including mold growth, a lack of heat, and pest control problems.

### B. Defendant's Response to Plaintiff's Tender of the <u>Campana</u> Action

On August 1, 2019, Plaintiff tendered the defense and indemnity of the <u>Campana</u> action to Defendant under the Lakeview Policies on behalf of itself and Hileman. Defendant subsequently sent Plaintiff a letter accepting the defense of Plaintiff and Hileman, subject to a reservation of rights. As is relevant here, Defendant reserved its right to deny coverage: (1) if Plaintiff and/or Hileman were not acting as the Owner's property manager in doing the acts alleged in the <u>Campana</u> action; and (2) for any "bodily injury," "property damage" or "personal and advertising injury" caused "in whole or in part" by any "fungi" or bacteria (i.e., mold). That same day, counsel sent a separate letter to Plaintiff asserting that "no information at this time that would suggest a conflict of interest[.]"

Defendant thereafter appointed David V. Roth of Manning & Kass, Ellrod, Ramirez & Trester ("Counsel") to jointly represent all three defendants in the <u>Campana</u> Action: the Lakeview Owner, Plaintiff, and Hileman. Plaintiff expressly objected to that joint representation, referring Defendant to California Rule of Professional Conduct 1.7, which precludes joint representation under certain circumstances absent the informed written consent of each client. More specifically, Plaintiff argued that in the <u>Campana</u> action Ms. Hileman would require separate counsel because of an inherent conflict of

interest, arising out of allegations concerning Ms. Hileman's conduct, as to which Plaintiff's interest might best be served by a defense arguing her conduct was outside the course and scope of employment.

Plaintiff also asserted that Defendant's reservation of rights created conflicts that gave rise to the right to independent ("Cumis") counsel under California Civil Code section 2860.  According to Plaintiff, Defendant's reliance on the Lakeview Policies' exclusion for damages caused in whole or in part by "fungi" or mold gave rise to the right to independent counsel.  This is because the Campana action alleged that plaintiffs there suffered damages due to both water intrusion and mold, so it would be in the insureds' interests to demonstrate any and all such damages were caused solely by water intrusion and not "fungi," whereas it would be in Defendant's interests to demonstrate such damages were caused at least in part by "fungi" and therefore excluded from coverage.  According to Plaintiff, because counsel appointed by the insurer could, through his defense strategy or decisions, affect the outcome of these coverage issues, Civil Code section 2860 requires that the insureds be provided independent counsel.  Defendant referred these issues to Counsel who determined there were no conflicts.

Accordingly, Plaintiff initiated this action raising a number of claims challenging Defendant's conduct in the handling of the subject claims.[3]  Defendant has now moved to dismiss the Sixth Cause of Action for Declaratory Relief as to Plaintiff's request for Cumis counsel and the Seventh Cause of Action for Declaratory Relief as to Plaintiff's request for separate counsel.

///
///
///
///

---

[3] The SAC also alleges wrongdoing with respect to certain other claims, but since they are not the subject of Defendant's Motion, they are not discussed here.

4

**STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."

Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.   Sixth Cause of Action – Cumis Counsel

As indicated, Plaintiff contends that Defendant's reservation of rights creates a conflict of interest requiring the appointment of Cumis counsel. Defendant moves to dismiss, arguing that "[a]s a matter of law . . . [it] did not reserve any coverage issues that created a disqualifying conflict of interest for . . . appointed counsel." Def.'s Mot., ECF No. 17, at 8-9.

///

California Civil Code § 2860 provides as follows:

> (a) If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured unless, at the time the insured is informed that a possible conflict may arise or does exist, the insured expressly waives, in writing, the right to independent counsel. An insurance contract may contain a provision which sets forth the method of selecting that counsel consistent with this section.
>
> (b) For purposes of this section, a conflict of interest does not exist as to allegations or facts in the litigation for which the insurer denies coverage; however, when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist. No conflict of interest shall be deemed to exist as to allegations of punitive damages or be deemed to exist solely because an insured is sued for an amount in excess of the insurance policy limits.

Plaintiff has adequately stated a claim for declaratory relief pursuant to the foregoing section because Defendant reserved its rights under the "fungi" exclusion, and whether the damages alleged in the Campana action derive from water, which would be covered, or fungi, which would not, may be controlled by Counsel.  Defendant's Motion to Dismiss the Sixth Cause of Action is thus DENIED.

**B.     Seventh Cause of Action – Separate Counsel**

Plaintiff also contends that Defendant must appoint separate, conflict-free counsel for Plaintiff pursuant to California Rule of Professional Conduct 1.7.  Defendant challenges this claim because it is not a lawyer whose conduct is governed by those Rules and because violation of the Rules does not give rise to a private cause of action.  The Court agrees.  Plaintiff has pointed to no authority standing for the proposition that a non-lawyer can be held accountable under the State Bar of California's Rules of Professional Conduct.  Moreover, "[t]here is no independent cause of action for the breach of a disciplinary rule." Ross v. Creel Printing & Publishing Co., 100 Cal. App. 4th 736, 746 (2002).  Because the Seventh Cause of Action specifically turns on

///

Defendant's purported obligations under Rule 1.7, Defendant's Motion to Dismiss this cause of action is GRANTED with leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 17) is GRANTED with leave to amend in part and DENIED in part. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is timely filed, the cause of action dismissed above shall be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: December 13, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE